BRIAN D. BOYLE (S.B. #126576)
bboyle@omm.com
M. TRISTAN MORALES (S.B. #278498)
tmorales@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4061
Telephone:   (202) 383-5300
Facsimile:   (202) 383-5414

JASON M. ZARROW (S.B. #297979)
jzarrow@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

*Attorneys for Defendants*
*United Airlines, Inc. et al.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR YUSTMAN, VICTORIA FELLOWS, MARIA DEGLAUVE, RON OZAKI, BERNHARD J. ORNELLAS, and ERNEST HEWSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>UNITED AIRLINES, INC., UNITED AIRLINES FRONTLINE VOLUNTARY SEPARATION LEAVE PROGRAM, UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN, and UNITED AIRLINES RETIREE MEDICAL PROGRAM,<br><br>Defendants. | Case No. 2:21-cv-09432-DSF-JEM<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: March 14, 2022<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Dale S. Fischer<br>Courtroom: 7D<br>Action Filed: December 6, 2021 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 14, 2022 at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable Dale S. Fischer in Courtroom 7D of the above-entitled Court, located at First Street Courthouse, 350 West 1st Street, Los Angeles, California, Defendants United Airlines, Inc., United Airlines Frontline Voluntary Separation Leave Program, United Airlines Consolidated Welfare Benefit Plan, and United Airlines Retiree Medical Program (collectively, "Defendants") will and hereby do move the Court to dismiss with prejudice the Complaint filed by Plaintiffs Victor Yustman, Victoria Fellows, Maria Deglauve, Ron Ozaki, Bernhard J. Ornellas, and Ernest Hewson (collectively, "Plaintiffs"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants base their motion to dismiss on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities, and Declaration of Lincoln Lounsbury; the pleadings in this action; and such other materials and evidence as may be presented to the Court. The motion is made following the L.R. 7-3 conference of counsel, which took place on February 3, 2022.

In this action, Plaintiffs bring two claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). Count I alleges that Defendants violated ERISA § 502(a)(1)(B) by failing to provide Plaintiffs with plan benefits under the United Voluntary Separation Leave ("VSL") Program. But Plaintiffs retired from United before the VSL was even created, and under the express terms of the VSL, Plaintiffs were not eligible for VSL benefits. Count II alleges that United, as the fiduciary of the VSL, violated its fiduciary duties to Plaintiffs under ERISA 404(a).

1

NOTICE OF MOTION &
MOTION TO DISMISS
2:20-CV-05790 PA-JEM

But Plaintiffs were not eligible to participate in the VSL, and Plaintiffs fail to state a claim that United breached any duties as the fiduciary of the VSL.[1]

For these reasons, explained in greater detail in the accompanying Memorandum of Points and Authorities, Defendants request that the Court grant their motion to dismiss Plaintiffs' claims with prejudice.  The Court should not grant leave to amend, because amendment would be futile.

Dated:  February 11, 2022

By:     /s/ Brian D. Boyle
        Brian D. Boyle

BRIAN D. BOYLE
M. TRISTAN MORALES
JASON M. ZARROW
O'MELVENY & MYERS LLP

*Attorneys for Defendants*
*United Airlines, Inc. et al.*

---

[1] A very similar putative class action under ERISA was filed against Defendants in the Northern District of Illinois on November 30, 2021, one week before the present case was filed on December 6, 2021. *Hoffman v. United Airlines, Inc.* (N.D. Ill. No. 1:21-cv-06395).  Defendants are simultaneously moving for the present case to be transferred to the Northern District of Illinois, to then be consolidated with the *Hoffman* case.

NOTICE OF MOTION &
MOTION TO DISMISS
2:20-CV-05790 PA-JEM

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

    I.    INTRODUCTION .....................................................................1

RELEVANT BACKGROUND .........................................................................3

    I.    CREATION OF THE EARLY OUT POLICY ...................................3

    II.    UNITED'S LATER CREATION OF A FRONTLINE VOLUNTARY SEPARATION LEAVE ("VSL") PROGRAM..........3

    III.    LEGAL STANDARD.......................................................................5

ARGUMENT ..................................................................................................6

    I.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER ERISA § 502(A)(1)(B) BECAUSE THEY WERE NOT ELIGIBLE FOR BENEFITS UNDER THE EXPRESS TERMS OF THE GOVERNING PLAN DOCUMENTS ...................................................6

    II.    PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM FAILS BECAUSE UNITED DID NOT HAVE A FIDUCIARY RELATIONSHIP WITH PLAINTIFFS AND PLAINTIFFS DO NOT ALLEGE FACTS ESTABLISHING A BREACH OF FIDUCIARY DUTY .........................................................................8

CONCLUSION..............................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Pac. Enters.*,
  950 F.2d 611 (9th Cir. 1991) ................................................................................8

*Alton Mem'l Hosp. v. Metro. Life Ins. Co.*,
  656 F.2d 245 (7th Cir. 1981) ................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................5

*Bafford v. Northrop Grumman Corp.*,
  994 F.3d 1020 (9th Cir. 2021) ...........................................................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................5

*CIGNA Corp. v. Amara*,
  563 U.S. 421 (2011) .........................................................................................6, 8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ...............................................................................5

*Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*,
  2016 WL 6892140 (C.D. Cal. Nov. 22, 2016) ...............................................5, 6

*Elizabeth L. v. Aetna Life Ins. Co.*,
  2013 WL 6662724 (N.D. Cal. Dec. 17, 2013) ....................................................7

*Fifth Third Bancorp v. Dudenhoeffer*,
  573 U.S. 409 (2014) .............................................................................................5

*Freeman v. Am. Airlines, Inc. Long Term Disability Plan*,
  2014 WL 690207 (C.D. Cal. Feb. 20, 2014) .......................................................5

*Gabriel v. Alaska Elec. Pension Fund*,
  773 F.3d 945 (9th Cir. 2014) ...............................................................................6

*Hughes Aircraft Co. v. Jacobson*,
  525 U.S. 432 (1999) .............................................................................................9

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Am. Apparel, Inc. S'holder Litig.*,
    855 F. Supp. 2d 1043 (C.D. Cal. 2012)................................................................5

*In re Computer Scis. Corp. Erisa Litig.*,
    635 F. Supp. 2d 1128 (C.D. Cal. 2009)..............................................................11

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008)..............................................................................5

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*,
    555 U.S. 285 (2009) .........................................................................................6, 8

*Kornardy v. Cargill, Inc.*,
    No. 02 C 50292, 2003 WL 22158989 (N.D. Ill. Sept. 18, 2003) .........................6

*Lockheed Corp. v. Spink*,
    517 U.S. 882 (1996) .............................................................................................9

*Larson v. United Healthcare Ins. Co.*,
    723 F.3d 905 (7th Cir. 2013)............................................................................7, 8

*Mathews v. Chevron Corp.*,
    362 F.3d 1172 (9th Cir. 2004)............................................................................10

*Noah U. v. Trib. Co. Med. Plan*,
    138 F. Supp. 3d 1134 (C.D. Cal. 2015)...........................................................4, 10

*Pegram v. Herdrich*,
    530 U.S. 211 (2000) .............................................................................................9

*Pegues v. Raytheon Co.*,
    2019 WL 3186251 (C.D. Cal. July 16, 2019) ......................................................6

*Santomenno v. Transamerica Life Ins. Co.*,
    883 F.3d 833 (9th Cir. 2018)................................................................................9

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)................................................................................5

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*US Airways, Inc. v. McCutchen*,
  569 U.S. 88 (2013) ...................................................................................... 1

*Wright v. Or. Metallurgical Corp.*,
  360 F.3d 1090 (9th Cir. 2004) .................................................................. 10

**Statutes**

29 U.S.C. § 1104(a) ................................................................................. 2, 8

29 U.S.C. § 1104(a)(1)(D) ................................................................. 2, 6, 10

29 U.S.C. § 1132(a)(1)(B) ...................................................................... 1, 6

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

Plaintiffs Victor Yustman, Victoria Fellows, Maria Deglauve, Ron Ozaki, Bernhard J. Ornellas, and Ernest Hewson (collectively, "Plaintiffs") assert two claims against Defendants[2] under the Employee Retirement Income Security Act of 1974 ("ERISA").  Both claims allege that Plaintiffs were improperly denied benefits under the United Voluntary Separation Leave ("VSL") Program.[3]

Plaintiffs assert their first claim under ERISA § 502(a)(1)(B), which authorizes claims by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  The glaring and fatal flaw in this claim, however, is that that Plaintiffs retired from United before the VSL even came into existence, and so were not eligible to participate in the VSL under express terms limiting the program to then-active employees.

At the heart of any ERISA case are the terms of the plan.  *See, e.g.*, *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013) ("The plan, in short, is at the center of ERISA.").  The terms of the plan here establish who was eligible to participate in the VSL, and thus who were plan participants entitled to benefits and owed fiduciary duties.  Among other requirements, the VSL limited participation to employees who were still active with United, and not separated.  Because Plaintiffs had irrevocably

---

[2] United Airlines, Inc. ("United" or "Company"), United Airlines Frontline Voluntary Separation Leave ("VSL") Program, United Airlines Consolidated Welfare Benefit Plan, and United Airlines Retiree Medical Program (collectively "Defendants").

[3] The VSL Program B included one ERISA plan, as well as certain non-ERISA Company policies. (Compl. ¶ 31; Ex. B at 14.)  The VSL also included a Program A, with one ERISA plan and certain non-ERISA Company policies. (Compl. ¶ 30; Ex. A at 3.)  Except as to the specific benefits that eligible participants could receive under these two programs, the Complaint does not allege any material differences between Programs A and B. (Compl. ¶¶ 30-31.)  All references to the VSL in the present Motion are references to VSL Program B, unless expressly stated.

MEM. OF POINTS & AUTH.
ISO MOT. TO DISMISS
2:20-CV-05790 PA-JEM

separated from United before the VSL was established, they were not eligible for benefits under the plain terms of the VSL.

Indeed, Plaintiffs do not even purport to allege that they were eligible plan participants under the terms of the VSL. Instead, they claim that they were entitled to VSL benefits despite being excluded under its terms by virtue of a 2017 Company policy regarding "early out" retirement programs ("Early Out Policy") that allowed employees electing to retire to claim the benefit of later-announced early retirement inducements in some circumstances. This argument fails because the 2017 Early Out Policy is not even allegedly a term of the VSL plan. On the contrary, the VSL plan documents expressly state that the VSL is *not* an "early out" retirement program covered by the Early Out Policy. Plaintiffs cannot prevail on a claim for benefits under the terms of a plan under a theory that is contrary to the plan's express terms, and Plaintiffs' first claim should be dismissed accordingly.

Plaintiffs' second claim also asserts an entitlement to benefits under the VSL—this time on a theory that United violated ERISA fiduciary duties. But this claim fails for the same reason as the first one. ERISA § 404(a) requires fiduciaries to exercise fiduciary duties "with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a). But because Plaintiffs were not plan participants (or beneficiaries) under the clear terms of the VSL plan, United did not owe them any fiduciary duties with respect to that plan. And to the extent Plaintiffs' complaint is that it was somehow wrongful for the plan documents to exclude them from participation in the plan, that is not a viable breach-of-fiduciary-duty claim at all—ERISA fiduciaries are *required* to follow the terms of the plan unless those terms violate ERISA, 29 U.S.C. § 1104(a)(1)(D), and Plaintiffs make no such allegation.

Plaintiffs' Complaint should be dismissed.

MEM. OF POINTS & AUTH.
ISO MOT. TO DISMISS
2:21-CV-09432-DSF-JEM

# RELEVANT BACKGROUND[4]

## I.   CREATION OF THE EARLY OUT POLICY

Plaintiffs were United employees.  (Complaint (ECF No 1.) ("Compl.") ¶¶ 4-9.)  On various occasions prior to 2017, United offered early retirement opportunities on a workgroup-specific basis.  (Compl. ¶¶ 14-16.)

In 2017, United CEO Oscar Munoz announced a Company policy under which an employee who retired from United could seek benefits under an "Early Out Program" established within the first 36 months thereafter, so long as the employee had not "retired under a previous Early Out Program."  (Compl. ¶¶ 17-20; Ex. E.)[5] The Company policy also provided that United "reserve[d] the right to modify or terminate this policy at any time and for any reason."  (Ex. E.)  Exercising that right, United terminated the Company Early Out Policy effective January 1, 2021.  (Compl. ¶ 27.)

## II.   UNITED'S LATER CREATION OF A FRONTLINE VOLUNTARY SEPARATION LEAVE ("VSL") PROGRAM

"On January 21, 2021, United announced that it was offering the VSL Program."  (Compl. 28; Ex. A at 4.)  The VSL included "a Plan Document/Summary Plan Description for voluntary separation benefits under VSL Program B (Pay/Leave-Focused Program), which is an ERISA-governed plan," along with a Program Overview (including FAQs) and an accompanying Release.  (Ex. A at 3.)

The VSL stated that an "Eligible Employee" "must meet all criteria described in the Program Overview" and must "file an application to participate during the

---

[4] Unless indicated otherwise, all emphasis is added and all internal citations and quotations are omitted.

[5] All exhibits (identified as "Ex.") referenced herein are attached to the Declaration of Lincoln Lounsbury filed in support of Defendants' Motions to Dismiss and Transfer.  Citations to specific pages in the exhibits are to the page number stamped on the bottom-left footer of each consecutively stamped exhibit, pursuant to L.R. 11-5.2.

MEM. OF POINTS & AUTH.
ISO MOT. TO DISMISS
2:21-CV-09432-DSF-JEM

'Window Period' described in the Program Overview." (*Id.* ¶ 3 at 7; *see also*, Ex. B ¶ 3 at 18.) The VSL provided: "If you are inactive during the entire Window Period, you are not eligible to participate, unless expressly permitted under the terms of the Program Overview." (Ex. A at 7.) It further stated that in order "[t]o participate in this Plan, you must be an Eligible Employee," and "[y]ou must not separate from employment for any reason prior to your scheduled Separation Date." (*Id.* ¶ 4 at 7-8.) Finally, the VSL provided that "the Company will accept completed applications at its discretion," (*id.* ¶ 5 at 8), and that the Plan Administrator, United's "Executive Vice President Human Resources and Labor Relations," "shall have all powers necessary" including to "construe in his or her discretion all terms, provisions, conditions, and limitations of the Plan" and to "determine in his or her discretion, all questions regarding eligibility and participation," (*id.* ¶ 12 at 9).

Consistent with this description, the VSL Program Overview included pointed questions and answers (or FAQs) to assist employees in their decision making. These FAQs were expressly incorporated into the terms of the plan. *Noah U. v. Trib. Co. Med. Plan*, 138 F. Supp. 3d 1134, 1144 (C.D. Cal. 2015) ("courts have found . . . other documents may constitute [p]lan documents where they are incorporated by reference"). One question and answer read as follows: "Who is eligible to participate?" "IAM-represented employees are eligible if they are active or on a leave of absence as of January 31, 2021, or were furloughed on or after October 1, 2020." (Ex. C at 26.) Another passage addressed to eligibility stated a "No" answer to the question: "If I recently retired or separated from United, am I eligible to participate in the Voluntary Separation Leave programs?" (*Id.* at 35.) And the VSL Program Overview included the following answer to the question "How does this program relate to the Early Out lookback that Oscar announced in 2017?": "This program is not an early out, which is a financial incentive program that provides cash upon separation. This Program provides paid leave or medical and pass travel

MEM. OF POINTS & AUTH.
ISO MOT. TO DISMISS
2:21-CV-09432-DSF-JEM

enhancements.  These types of benefits are excluded from the 2017 policy, which was updated in 2020." (*Id.* at 39.)

## III.  LEGAL STANDARD

Motions to dismiss brought under Rule 12(b)(6) are an "important mechanism for weeding out meritless claims" in ERISA cases.  *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014).  To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While the Court must accept well-pleaded facts as true, it need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Generally, in deciding a motion to dismiss, the district court accepts allegations in the complaint as true.  "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *modified on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).  Nor must the court credit allegations that contradict documents incorporated by reference in the complaint (such as an ERISA plan document), and on which the complaint is based. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-61 (C.D. Cal. 2012) (collecting cases); *Freeman v. Am. Airlines, Inc. Long Term Disability Plan*, 2014 WL 690207, at *1-2 (C.D. Cal. Feb. 20, 2014); *see also, e.g., Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*,

2016 WL 6892140, at *22 (C.D. Cal. Nov. 22, 2016) (recognizing that the incorporation by reference doctrine "is particularly apt in [] case[s], where Plaintiffs' claim depend entirely on the existence and terms of ERISA plans and an entitlement to certain benefits under those plans").

**ARGUMENT**

**I.**   **PLAINTIFFS FAIL TO STATE A CLAIM UNDER ERISA § 502(A)(1)(B) BECAUSE THEY WERE NOT ELIGIBLE FOR BENEFITS UNDER THE EXPRESS TERMS OF THE GOVERNING PLAN DOCUMENTS**

Plaintiffs allege a claim for VSL benefits under ERISA § 502(a)(1)(B), but the express terms of the VSL limit the program to active employees, and thus excluded Plaintiffs from eligibility because they were separated from United *before* the VSL was established.

Under ERISA, "[e]very employee benefit plan [must] be established and maintained pursuant to a written instrument . . . specify[ing] the basis on which payments are made to and from the plan." *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009). In turn, ERISA fiduciaries must provide plan benefits "'in accordance with the documents and instruments governing the plan.'" *Id.* (quoting 29 U.S.C. § 1104(a)(1)(D)). Thus, while ERISA § 502(a)(1)(B) allows a plan "'participant or beneficiary'" to seek "'to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan," such a claim "stands or falls by the terms of the plan.'" *Id.* (quoting 29 U.S.C. § 1132(a)(1)(B)); *see CIGNA Corp. v. Amara*, 563 U.S. 421, 436 (2011) (§ 502(a)(1)(B) "speaks of enforcing the terms of the plan, not of changing them"); *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 962 (9th Cir. 2014) (rejecting claim that "necessarily would require violating the terms of the Plan by deeming an ineligible person to be eligible for pension benefits"); *Pegues v. Raytheon Co.*, 2019 WL 3186251, at *9 (C.D. Cal. July

16, 2019) (acknowledging the "importance of enforcing plan terms as written in Section 502(a)(1)(B) claims . . . [and] not changing them"); *see also Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911 (7th Cir. 2013) ("An ERISA § 502(a)(1)(B) claim is essentially a contract remedy under the terms of the plan."); *Elizabeth L. v. Aetna Life Ins. Co.*, 2013 WL 6662724, at *2 (N.D. Cal. Dec. 17, 2013) (plan participant or beneficiary must "plead facts making it plausible that a provider owes benefits under the plan").

Here, Plaintiffs' benefits claims fail because, under the express terms of the VSL, they were excluded from eligibility.[6]  The VSL stated plainly that, in order to "participate in this Plan," an employee "must be an Eligible Employee," which means they "must meet all criteria described in the Program Overview," and they "must not separate from employment for any reason prior to [their] scheduled Separation Date." (Ex. A ¶¶ 3-4 at 7-8; s*ee also* Ex. C at 35 ("If I recently retired or separated from United, am I eligible to participate in the Voluntary Separation Leave programs? No").)

Plaintiffs expressly allege that they had irrevocably separated from United before the VSL was established in January 2021.  (*See* Compl. ¶¶ 4-9.)  Plaintiffs thus were no longer employees of United in January 2021, much less "Eligible Employees" as the term was defined in the VSL plan documents.  The express terms of the VSL were clear on these eligibility requirements, and these requirements doom Plaintiffs' claims for plan benefits under ERISA § 502(a)(1)(B).

---

[6] Contrary to Plaintiffs' generalized allegations that the VSL (in its totality) is an ERISA plan (*see* Compl. ¶ 13), the VSL includes, in addition to the ERISA plan for "voluntary separation benefits," a distinct "Policy Rules document governing the pre-separation leave portion of VSL Program B (Pay/Leave Focused Program), which is a Company policy and not an ERISA-governed plan," (Ex. B at 14).  To the extent that the Complaint alleges that Plaintiff was entitled to any benefits from "the pre-separation period" portion of the VSL (*see* Compl. ¶¶ 30-33), those allegations fail to state a claim under ERISA § 502(a)(1)(B) because they do not concern benefits under the only policy or program that Plaintiffs allege to constitute an ERISA plan.

7

Plaintiffs do not appear to dispute their lack of eligibility, based on the terms of the VSL alone. Instead, Plaintiffs allege that they are entitled to VSL benefits by operation of the separate Company Early Out Policy that United announced in 2017 (along with an accompanying 2017 message from Oscar Munoz, United's then-CEO). (Compl. ¶¶ 17-20.) This circuitous effort to establish a right to benefits under the VSL fails for the simple reason that United's Early Out Policy is not part of the governing VSL plan documents. *See Larson*, 723 F.3d at 911. A claim under ERISA § 502(a)(1)(B) "stands or falls by the terms of the plan." *Kennedy*, 555 U.S. at 300; *see also Amara*, 563 U.S. at 436 (§ 502(a)(1)(B) "speaks of enforcing the terms of the plan, not of changing them"). And under the operative terms here, Plaintiffs were not included among the groups of United employees who were eligible to receive plan benefits.

## II. PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM FAILS BECAUSE UNITED DID NOT HAVE A FIDUCIARY RELATIONSHIP WITH PLAINTIFFS AND PLAINTIFFS DO NOT ALLEGE FACTS ESTABLISHING A BREACH OF FIDUCIARY DUTY

Plaintiffs also claim that United breached its fiduciary duties under ERISA § 404(a). But that claim fails as well, first and foremost because Plaintiffs were not plan participants under the terms of the plan, as just discussed. ERISA § 404(a) provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the *participants* and beneficiaries." 29 U.S.C. § 1104(a) (emphasis added). Under its plain text, "a fiduciary's liability is solely to plan participants and beneficiaries." *Alton Mem'l Hosp. v. Metro. Life Ins. Co.*, 656 F.2d 245, 249–50 (7th Cir. 1981). Because Plaintiffs were not Plan participants (or beneficiaries) under the express terms of the plan, they were not owed any fiduciary duties under § 404(a). After all, "if an individual does not participate in a specific plan, the fiduciaries of that plan [] have no fiduciary duty to him." *Acosta v. Pac. Enters.*, 950 F.2d 611, 617 (9th Cir. 1991), *as amended on reh'g* (Jan. 23, 1992).

MEM. OF POINTS & AUTH.
ISO MOT. TO DISMISS
2:21-CV-09432-DSF-JEM

Nor is that the only fatal infirmity in Plaintiffs' breach-of-fiduciary duty claim. Plaintiffs' claim also fails because Plaintiffs have not identified anything that United did *as a fiduciary of the VSL* that could be plausibly viewed as a fiduciary breach. Plaintiffs allege that "United breached its fiduciary duties by reneging on its promise to employees" in the Early Out Policy that they would be allowed to participate in later-announced early retirement programs. (Compl. ¶ 71.)  But, by ERISA's plain terms, an individual or entity is only a fiduciary—and so is only subject to ERISA's fiduciary requirements—"to the extent" that the person performs fiduciary functions; a plan fiduciary as to one function is not necessarily a fiduciary with respect to other functions.  Thus, "[i]n every case charging breach of ERISA fiduciary duty . . . the threshold question is . . . whether [the defendant] was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000); *Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 840 (9th Cir. 2018) ("The Supreme Court has instructed us to focus on the 'threshold question' of whether a party "was performing a fiduciary function when taking the action subject to complaint.").

Plaintiffs' theory that the operative breach consisted of "reneging on its promise to employees" founders at this threshold inquiry.  United simply could not have acted as a fiduciary to the VSL in announcing the Company Early Out Policy because the VSL did not exist when that announcement was made.  Likewise, United did not act as a fiduciary in crafting the VSL's eligibility provisions to exclude retirees such as Plaintiffs.  When employers set the terms of an ERISA plan, "'they do not act as fiduciaries, but are analogous to the settlors of a trust.'" *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443 (1999) (quoting *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996)).  Thus, "ERISA's fiduciary duty requirement simply is not implicated where [the employer], acting as the Plan's settlor, makes a decision regarding the form or structure of the Plan *such as who is entitled to receive Plan*

*benefits* and in what amounts, or how such benefits are calculated." *Id.* at 444 (emphasis added).

Nor can Plaintiffs plausibly claim that United officials breached a fiduciary duty in *adhering* to the VSL's express eligibility terms once those terms were fixed. Plaintiffs have ERISA precisely backward: fiduciaries have an affirmative duty to *follow* a plan's terms so long as those terms do not violate ERISA. 29 U.S.C. § 1104(a)(1)(D); *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004) ("ERISA requires fiduciaries to comply with a plan as written unless it is inconsistent with ERISA."). Needless to say, Plaintiffs do not purport to identify any provision of ERISA that the VSL's terms violate.

Plaintiffs also claim that United breached its duties by "misinforming employees in a Q&A that the VSL was not an early out program." (Compl. ¶71.) But the "Q&A" that Plaintiffs reference was the very set of VSL FAQs that were expressly incorporated into the plan's governing documents. *See Noah U.*, 138 F. Supp. 3d at 1144; *see also* Ex. C. The VSL FAQs thus could not misrepresent the VSL's terms; they were part of those terms, and they accurately reflected that the VSL was not designed or intended to be an Early Out Program. Here again, Plaintiffs are merely challenging plan terms that United crafted in its capacity as settlor, not as a fiduciary.

Plaintiffs' misinformation claim fails for the additional reason that Plaintiffs have not plausibly alleged, and cannot plausibly allege, that they suffered any injury as the result of the supposed misinformation. *See Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021) ("To state a claim for breach of fiduciary duty under ERISA, a plaintiff [inter alia] must allege that . . . the plaintiff suffered damages."); *see also, Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004). As discussed above, Plaintiffs were not eligible to participate in the VSL under the VSL's express terms; whether or not Plaintiffs understood (in reliance on

MEM. OF POINTS & AUTH.
ISO MOT. TO DISMISS
2:21-CV-09432-DSF-JEM

the FAQs or otherwise) that the VSL was an Early Out Program would have done nothing to alter that unavoidable conclusion.

Finally, Plaintiffs suggest that United violated ERISA fiduciary duties by "failing to inform [retirees] about the VSL Program, and failing to give them an opportunity to apply for benefits under the VSL Program." (Compl. ¶71; *see also id.* ¶34.)[7] But Plaintiffs point to nothing in ERISA that requires a fiduciary to supply individuals information regarding a program in which they cannot participate, or to afford them an opportunity to apply for benefits they are ineligible to receive. Nor can Plaintiffs plausibly allege that they suffered any injury as a result of United's failure to extend such pointless accommodations.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss Plaintiffs' Complaint with prejudice.

Dated:  February 11, 2022

By:    /s/ Brian D. Boyle
       Brian D. Boyle

BRIAN D. BOYLE
M. TRISTAN MORALES
JASON M. ZARROW
O'MELVENY & MYERS LLP

*Attorneys for Defendants*
*United Airlines, Inc. et al.*

---

[7] This allegation, of course, makes it impossible for Plaintiffs to suggest that they were injured by alleged misinformation in the FAQs. *See In re Computer Scis. Corp. Erisa Litig.*, 635 F. Supp. 2d 1128, 1140 (C.D. Cal. 2009) ("To allege and prove a breach of fiduciary duty for misrepresentations, a plaintiff must establish . . . detrimental reliance by the plaintiff on the misrepresentation."), *aff'd sub nom. Quan v. Comput. Scis. Corp.*, 623 F.3d 870 (9th Cir. 2010), *abrogated in part on other grounds by Dudenhoeffer*, 573 U.S. 409.

MEM. OF POINTS & AUTH.
ISO MOT. TO DISMISS
2:21-CV-09432-DSF-JEM